486 A.2d 463

**COMMONWEALTH of Pennsylvania**

v.

**Cynthia A. WACHTER, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 18, 1984.

Filed Dec. 28, 1984.

Allen H. Smith, York, for appellant.

William T. Hast, Assistant District Attorney, York, for Commonwealth, appellee.

Before WICKERSHAM, WATKINS and HESTER, JJ.

WATKINS, Judge:

This is an appeal by the defendant from her conviction before a District Justice of operating a motor vehicle at an excessive speed. At the hearing de novo, the testimony of the Commonwealth showed that the defendant's vehicle was travelling at 44 m.p.h. in a 25 m.p.h. speed zone. This speed was determined through the use of an ESP (excessive speed preventor). The defendant demurred to the Commonwealth's evidence on the ground that the Commonwealth had failed to prove that the West York Borough had enacted an ordinance authorizing the use of ESP and further failed to post the use of such a device. The defense stated that no evidence would be presented and that the case would be decided by the Court of Common Pleas on the demurrer. The lower court overruled the demurrer on October 26, 1983 and found the defendant guilty.

The only question raised on appeal is whether the Commonwealth can sustain its burden of proof in a speeding violation case under the Vehicle Code based on an "ESP" speed timing without proof of a local ordinance authorizing

the use of such a device and the posting of signs indicating such enforcement.

After review of the record and briefs in this appeal, we conclude that the lower court adequately disposed of the question raised.

In its opinion [1], the lower court stated that:

"Defendant argues that these sections require a municipality to adopt the use of an approved speed timing device by Ordinance and to post a notice of the use of that approved speed timing device. We disagree.

"Defendant's contention that an Ordinance authorizing the use of the ESP device must be adopted by the municipality prior to its use is supported by the ruling in *Commonwealth v. Wickham*, 130 P.L.J. 65 (1982); *Commonwealth v. Shenkin*, (Delaware County, S.A. 3890–81 (8/18/82); and *Commonwealth v. Herdman*, supra. On the other hand, the trial courts in Cumberland County (*Commonwealth v. DePasquale*, supra) and in Lycoming County, *Commonwealth v. Selleck*, 15 Lycoming Rep. 66 (1982), have held that there is no requirement on the Commonwealth to prove the prior adoption of such an Ordinance in order to effectively make use of ESP.

"We find the arguments against the necessity of a prior Ordinance to be more persuasive. Section 6102 relates to the exercise of powers granted under the provisions of Chapter 61 (Section 6101–6153) of the Vehicle Code. The power to time the speed of any vehicle is not granted in Chapter 61, however. That power is granted in Chapter 33, Subchapter F, specifically Section 33.68 of the Vehicle Code which provides in Subsection (c)(1):

'The rate of speed of any vehicle may be timed on any highway by a police officer using a mechanical or electrical speed timing device.'

"We are therefore satisfied that the power to time the speed of a motor vehicle by means of a mechanical or an

1. It should be noted that *Commonwealth v. DePasquale*, cited by the lower court, was affirmed by this Court at *Commonwealth v. DePasquale*, 327 Pa.Superior Ct. 579, 476 A.2d 419 (1984).

electrical speed timing device is granted in that Section to any police officer in the Commonwealth.

"The provisions of Section 6109(a)(10) and (11) together speak to the power to establish and enforce speed restrictions. The term 'enforcement' is defined in Black's Law Dictionary as 'the execution of a law, to cause to take effect or to make effective'. The enforcement of a speed restriction is authorized in the Ordinance establishing such speed restriction by declaring a violation of the Ordinance to be illegal, and providing for the prosecution of violators with specific penalties prescribed in the Ordinance. 'Enforcement' does not mean measuring the speed of a vehicle violating the established speed limit, whether that measurement is by means of a stopwatch, an automobile speedometer, or an ESP device. Such measurement is merely evidence of the violation and is not itself the enforcement."

"A further reason for our conclusion that Section 6102 does not require a local municipality to enact an Ordinance prior to the use of ESP to measure the speed of the vehicle is found in the first sentence of Section 6109(a) which reads as follows:

'The provisions of this title shall not be deemed to prevent ... the local authorities on streets or highways within their physical boundaries from the reasonable exercise of their police powers.'

"Those existing police powers, the exercise of which the provisions of the Code are not 'deemed to prevent', are enumerated, and include those set forth in Subsections 10 and 11 as hereinbefore recited. Thus, the enforcement of speed restrictions is reserved to local municipalities, and is uneffected by the other provisions of the Code, including Section 6102. Section 6102 requires an Ordinance only for powers 'granted in this Chapter' and does not apply to pre-existing powers such as the existing police powers as enumerated in Section 6109.

"Nor does Section 6109(c) require the posting of signs before ESP devices may be used. Section 6109(c) cannot

be read to require the posting of signs for every means of enforcement used; rather, it requires the posting of signs for the general existence and enforcement of speeding regulations, i.e. speed limit signs. *Commonwealth v. Heenan,* 78 Schuylkill Leg Rec. 13; *Commonwealth v. Sellekc,* supra. To hold otherwise would be to require signs warning the motorist of every conceivable type of enforcement techniques, all of which would lend itself to confusion and endless litigation as to the exact meaning of every word on the sign.

"We note finally that the Commonwealth produced evidence at the trial to show that the ESP device had been tested for accuracy and that the operator was certified to use it."

We agree with the lower court's analysis of the instant situation and, therefore, rule it is not necessary that the Commonwealth prove that a local municipality has adopted a ordinance regarding the use of ESP devices before prosecutions may be brought pursuant to arrests made for speeding where such devices were used. We also agree that it is not necessary that the Commonwealth prove that the use of such devices be posted by warning signs.

Judgment of sentence affirmed.